Affirmed and Memorandum Opinion
filed June 2, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00103-CR



James K. Ahia,
III, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 185th District Court

Harris County, Texas

Trial Court
Cause No. 1247557



 

MEMORANDUM OPINION 

Appellant James K. Ahia, III appeals his conviction
for murder, claiming the trial court erred in failing to instruct the jury on
the law of accomplice-witness testimony.  We affirm.

Factual and Procedural
Background

Appellant was charged by indictment with the offense
of murder.  He pleaded “not guilty.”

At trial, investigators testified that they located
the body of the complainant near a parking lot of the place where appellant
formerly worked.  In the investigation, officers interviewed appellant, who
lived in the same house as the complainant and the complainant’s ex-wife.  There
had been a sexual relationship between appellant and the complainant’s ex-wife. 
When investigators questioned appellant, he claimed to have been visiting with
a friend, James Baker, in Van, Texas, at the time of the complainant’s death. 
Investigators contacted Baker, who corroborated appellant’s statement.  But, cell
phone records reflected that appellant was in the Houston area at the time he
claimed to have been out of town.  When investigators interviewed Baker a
second time, Baker implicated appellant in the complainant’s death.  

Baker testified at trial that he and appellant knew
each other from having previously worked together.  In August 2008, the two
reconnected through email and phone conversations.  According to Baker,
appellant was about to take a job outside of the country and wanted to get
together for one last “blowout” before he left.  Appellant arranged to meet
Baker in Van, Texas.  During the visit, appellant showed Baker an assault rifle
and a “zip gun.”[1] 
Baker cleaned the rifle and filed the zip gun.  Baker believed that the men
were going to “play” with the firearms and shoot them; he did not believe that
appellant intended to use them as weapons.

Baker testified that when they departed, he believed
that they were going to a gentlemen’s club in Dallas, but that he later learned
that appellant was driving them to Houston.  Appellant stopped to purchase ammunition
for the firearms at a store in Tyler, Texas, and paid cash.  Baker advised
appellant about the type of ammunition to purchase for “home defense,” but
believed the men were headed to a nearby indoor shooting range in Tyler. 
Appellant indicated he needed to “meet somebody” in Houston by 6:00 p.m. 
During the trip, appellant told Baker that he needed to protect his family from
an “Asian gang banger” who had broken into his home.  Appellant conducted
several phone conversations with a female that appellant referred to as his
wife.

Baker stated that the men arrived in Houston at a
store parking lot, but the person they were meeting was not there.  The men
drove in the area for a couple of hours; during this interval, appellant spoke
many times on the phone to the female, inquiring about an unnamed person’s
location.  Eventually, appellant selected an industrial area as a meeting place,
indicating to Baker that the location was suitable and “out of the way.” 
Appellant made a call from a pay phone at a nearby gas station, and then the
two returned to the industrial area.  Baker recalled that appellant donned
gloves, selected the zip gun and ammunition, indicating that he planned to use
it for protection in case “things went wrong.”  Appellant then left Baker in
the vehicle.  Baker did not witness the complainant’s death.

Baker recalled that appellant returned to the vehicle
fifteen or twenty minutes later, running rapidly, and he was bespeckled in
blood.  When Baker inquired what happened, appellant explained that he had to
defend himself because the person he met threatened him with a knife.  Baker was
seated in the driver’s seat, and Baker drove appellant to retrieve a ball cap
that he had left at the scene.  Baker saw a motionless body lying nearby.  

Baker testified that he drove the vehicle away from
the scene.  Appellant spoke on the phone with the same female and said, “It is
done.”  During the drive, appellant produced a black wallet, and put some money
from the wallet in his pocket.  Baker noted the odor of the zip gun, which
smelled as if it had been fired recently.  Baker feared that appellant might
hurt him with the zip gun, so he advised appellant to discard the firearm, and
appellant did so.  The men stopped at a rest area where appellant changed
clothes and discarded the bloodied clothing and wallet.  The men arrived in
Dallas, where appellant purchased gasoline with a credit card, indicating the
need to secure an alibi.  At some point, appellant instructed Baker to tell
authorities that the men were at a gentlemen’s club.  The men returned to
Baker’s home in Van, and appellant showered and left.

Appellant testified that he intended to meet the
complainant to discuss the complainant’s unusual behavior.  Appellant claimed
that the complainant threatened him with a knife and a struggle ensued inside
the complainant’s vehicle.  Appellant testified that he fled the vehicle, and
the complainant attempted to run him over with a vehicle.  Appellant claimed
that he had no intention of killing the complainant and that the complainant
was attempting to kill him.

After the parties rested, appellant did not request
an instruction in the jury charge addressing accomplice-witness testimony.  The
jury found appellant guilty as charged and assessed appellant’s punishment at confinement
for life.

In a single issue, appellant claims the trial court
erred in failing to sua sponte instruct the jury on the law of accomplice-witness
testimony.  According to appellant, Baker’s testimony clearly shows he was an
active participant in the commission of the charged offense because he assisted
appellant before, during, and after the offense. 

Analysis

Appellant did not request a jury instruction on
accomplice-witness testimony and did not object to the instructions given to
the jury.  When reviewing allegations of jury charge error, a reviewing court first
must determine whether error exists.  Ngo v. State, 175 S.W.3d 738, 743
(Tex. Crim. App. 2005).  If error is found, the court determines whether the
error caused sufficient harm to warrant reversal.  Id.  The degree of
harm required for reversal depends on whether the error was preserved.  Arline
v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986).  When, as in this
case, no proper objection was made, the error requires reversal only if it is
so egregious and created such harm that the accused has not had a fair and
impartial trial.  See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985) (op. on reh’g).  

Article 38.14 of the Texas Code of Criminal
Procedure, entitled “Testimony of Accomplice,” provides, “A conviction cannot
be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the
offense.  Tex. Code Crim. Proc. Ann.
art. 38.14 (West 2005); see Druery v. State, 225 S.W.3d 491, 498 (Tex.
Crim. App. 2007).  This rule, commonly known as the “accomplice witness rule,”
creates a statutorily imposed review that is not derived from federal or state
constitutional principles defining standards for reviewing the sufficiency of
the evidence.  Druery, 225 S.W.3d at 498.  

An “accomplice witness” is one who participates with
another before, during, or after the commission of a crime and acts with the
culpable mental state.[2] 
Id.  One’s mere presence at the scene of a crime does not make the
person an accomplice witness.  Id.  To be considered an accomplice
witness, one’s participation with the accused must have involved an affirmative
act that promotes the commission of the offense with which the accused is
charged.  Id.  One is not an accomplice to an offense by one’s mere
knowledge of the offense and the failure to disclose that knowledge or by
attempting to conceal the offense.  Id.  Complicity with the accused in
the commission of another offense separate from the charged offense does not make
that person an accomplice.  Id.; see also Creel v. State, 754
S.W.2d 205, 213 (Tex. Crim. App. 1988).  If the witness cannot be prosecuted
for the offense with which the accused is charged, or a lesser-included offense
of that charge, then that person is not an accomplice witness as a matter of
law.  Druery, 225 S.W.3d at 498. 

A trial judge has the sua sponte duty to instruct the
jury on the “law applicable to the case.”  See Oursbourn v. State, 259
S.W.3d 159, 180 (Tex. Crim. App. 2008).  If the evidence raises an
accomplice-witness issue, then the trial court shall instruct the jury that an
accomplice’s testimony must be corroborated by other evidence tending to
connect the accused to the crime, regardless of whether the defendant requested
the instruction or objected to its omission.  See id. at 180 n.84
(noting that a statutorily required instruction regarding accomplice-witness
testimony is “law applicable to the case”).  If the evidence conflicts as to
whether a witness was an accomplice, the jury should determine the witness’s
status under an instruction defining an “accomplice.”  Druery, 225
S.W.3d at 498–99.  But, there must exist some evidence that the witness
affirmatively acted to assist the accused in the commission of the charged offense
before an instruction is required.  Id. at 499.  A trial judge is
obligated to instruct the jury that a witness is an accomplice witness as a
matter of law only when there is no doubt that the witness is an accomplice.  Id.
at 498.  Such an instruction is appropriate when the witness is charged
with the same offense as the accused or a lesser-included offense or when the
evidence clearly shows that the witness could have been so charged.  Id. 


Appellant claims that the evidence raised a fact
issue that Baker was an active participant in the commission of the charged
offense.  Appellant also asserts the evidence is unclear or conflicts with
respect to Baker’s intent to commit the offense.  Despite appellant’s
contentions, Baker is not an accomplice as a matter of law or as a matter of
fact.  See Druery, 225 S.W.3d at 499.  Baker was not indicted for the
offense of murder or a lesser-included offense of murder, and the evidence does
not show that Baker could have been so charged.  See id.  The record
reflects that Baker drove with appellant to Houston.  At some point during the
drive, Baker found out that appellant was meeting someone in Houston at a
specific time that evening.  Even as appellant exited the vehicle, appellant
had explained to Baker that the firearms were intended to be used for
protection in the event that things went wrong.  Baker did not witness the
complainant’s death.  Based on what appellant told Baker upon returning to the
vehicle, the complainant had threatened appellant with a knife.  After driving
closer to the complainant’s body to retrieve evidence, Baker drove the men away
from the scene.  Baker was aware that appellant had discarded the zip gun and
bloodied clothing on the drive back to Van. 

Appellant points to Baker’s testimony that he engaged
in numerous affirmative acts including the following: cleaning appellant’s
firearm, advising and assisting appellant in selecting the types of ammunition
for the firearm and zip gun, demonstrating how to fire the zip gun, driving
appellant to meet the complainant with the knowledge that appellant planned to
confront the complainant, driving appellant to the complainant’s dead body to
remove evidence, driving appellant away from the crime scene, advising
appellant to discard the firearm, and supplying to investigators an alibi that
appellant contrived.  But none of these acts rise to the level of an
affirmative act to assist in the commission of murder or a lesser-included
offense of murder.  See id. (concluding witnesses were not accomplices
even though witnesses drove an accused to meet the decedent, heard the accused
say that he intended to kill the decedent, were present prior to and during the
murder, accepted money taken from the decedent after he was shot, and assisted
in the disposal of the body and the firearm after the offense).  Although Baker
might have suspected that foul play might occur when the men arrived at the
scene, there is no evidence suggesting that he assisted in the preparation for
or planning of the complainant’s death.  See Paredes v. State, 129
S.W.3d 530, 537 (Tex. Crim. App. 2004).  Furthermore, appellant testified that he
acted in self-defense and planned only to confront the complainant about
unusual behavior.  The record contains no evidence that Baker had the requisite
culpable mental state for murder.  

There is no evidence that Baker was involved in any
way in the planning of or preparation for the complainant’s murder.  See id. 
Because the evidence does not support a conclusion that Baker was an accomplice
as a matter of law or a matter of fact, appellant was not entitled to an
instruction on the law of accomplice witnesses.  See id.  Accordingly,
the trial court did not err in failing to instruct the jury.  We overrule
appellant’s sole issue on appeal.

The trial court’s judgment is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] According
to the record, a “zip gun” is a homemade firearm in which bullets or cartridges
are placed into a pipe.





[2]
A person is criminally responsible for an offense committed by the conduct of
another if:

(1) acting
with the kind of culpability required for the offense, he causes or aids an
innocent or nonresponsible person to engage in conduct prohibited by the
definition of the offense;

(2) acting
with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense; or

(3) having a legal
duty to prevent commission of the offense and acting with intent to promote or
assist its commission, he fails to make a reasonable effort to prevent
commission of the offense. 


Tex. Penal Code Ann. §
7.02 (West 2003).